```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION


JOSEPH CARTHRON                                    PLAINTIFF

     v.              Civ. No. 09-6036

HELEN MARIE MORRISON, ANNE
KATHLEEN GEDDINGS, BECKY
CAROL REEVES, ANITA EFIRD, and
DAN ROBERTS                                       DEFENDANTS
```

## MEMORANDUM OPINION

Before the Court are Defendants' Motion to Dismiss (Doc. 8), Plaintiff's Amended Motion for Summary Judgment (Doc. 12), and Defendants' Response to the Amended Motion for Summary Judgment (Doc. 15). Carthron has not specifically responded to the Motion to Dismiss, but did file his Motion for Summary Judgment within the allotted time to respond to the Motion to Dismiss. The Court considers Carthron's Motion for Summary Judgment to be his Response to the Motion to Dismiss. For the reasons reflected below, Defendants' Motion (Doc. 8) is **GRANTED,** Carthron's Motion (Doc. 12) is **DENIED,** and Carthron's Complaint is **DISMISSED WITH PREJUDICE.**

**I. Standard of Review**

In ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Hafley v. Lohman,* 90 F.3d 264, 266

(8th Cir. 1996). The district court must accept the factual allegations contained in the complaint as true and review the complaint to determine whether the allegations show the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008).

## II. Facts and Background

The following facts are taken from Carthron's Complaint and the attachments to it. Plaintiff Joseph Carthron is a parolee from the Arkansas Department of Corrections. Carthron was sentenced to twelve years imprisonment with six years suspended and ordered to pay $55,650 in restitution following a conviction for theft of property. Carthron was sentenced on April 21, 2006, and his sentence contained no specific payment plan for his restitution. Carthron was released from incarceration on October 30, 2006 at which time he reported to his parole office for his parole conditions. Over the next few months, there was considerable uncertainty concerning where Carthron was to send his restitution payments, the amount he owed each month, and other matters concerning his restitution.

Carthron brings this suit against five employees involved with administering his parole and his restitution. Helen Morrison works within the Administrative Services Department at the Arkansas Department of Community Correction. Ann Geddings is Morrison's supervisor and Deputy Director of Administrative

AO72A
(Rev. 8/82)

Services for the Arkansas Department of Community Corrections. Anita Efird is the District 10 Manager for the Arkansas Department of Community Corrections. Becky Reeves is the former District 10 Assistant Manager for the Arkansas Department of Community Corrections. Dan Roberts is the Deputy Director of Parole/Probation. Carthron has sued all Defendants in their individual capacity.

On March 27, 2007, Deputy Prosecutor Melanie Martin faxed Carthron's restitution form dated April 21, 2006, the day of his sentencing, to the Arkansas Department of Community Corrections. That same day, Morrison wrote on the form that sixty months of level payments would equal $927.50 a month. Around that time Efird and Parole Office Melody Fuller received the form, Carthron advised them that the document had been altered and he would be unable to make the payments. Reeves allegedly told Carthron that if he did not make the required payments, his parole could be revoked and he could go back to jail.

In the facts described in Carthron's Complaint, the final two defendants have limited roles. Carthron describes Geddings as the recipient of a $927.50 payment on behalf of the Arkansas Department of Community Corrections. Roberts' role is limited to meetings where Roberts stated that Carthron was required to pay $927.50 a month in restitution and a general supervisory role.

Carthron appeared twice before the Honorable John Langston

AO72A
(Rev. 8/82)

of the Pulaski County Circuit Court in an attempt to clarify his monthly restitution requirements. The transcripts of the hearings, which Carthron attached to his complaint, reflect that Carthron's original sentence called for monthly restitution payments, but the space in his original judgment for the amount of his monthly payments was never completed. At the second hearing Judge Langston declined to fill in the blank after the fact, but stated that Carthron had to make *some* payment every month, and he was to have the entire amount repaid by the time he completed the suspended sentence, and if he did not, prosecutors could initiate further proceedings. The hearings clarified that Carthron was not required to pay $927.50 a month, every month, but that the total amount and time for payment of the restitution were unchanged. Judge Langston never stated that it was wrong or unreasonable for Carthron to pay $927.50 a month, and he did not invalidate past payments.

### III. Discussion

#### A. 42 U.S.C. § 1981

The statutory text of 42 U.S.C. § 1981 states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Carthron alleges that the Defendants violated his right to equal protection under the laws. To establish a prima facie case for a violation of § 1981, a plaintiff must show (1) membership in a protected class, (2) the defendant intended to discriminate on the basis of race, and (3) the discrimination interfered with a protected activity as defined in § 1981. *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). "To prevail on a § 1981 claim, a plaintiff must prove discriminatory intent." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 258 (8th Cir. 1996).

In this case, Carthron's complaint reflects no accusation of discriminatory intent on the part of any Defendant, and Carthron's § 1981 claims are therefore DISMISSED WITH PREJUDICE.

### B. 42 U.S.C. § 1983

Carthron contends that the Defendants violated his constitutional rights to procedural due process, equal protection under the law, and freedom from cruel and unusual punishment. In order to state a cause of action under § 1983, a plaintiff must allege deprivation of a constitutional right and that the person depriving him of the right acted under color of law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The doctrine of qualified immunity is relevant at this stage. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Courts may grant qualified immunity on the basis of clear establishment of a right without first determining if the Plaintiff's constitutional rights were violated. *Pearson,* 129 S.Ct. at 821. To prevail on a motion to dismiss, defendants must show that they are entitled to qualified immunity on the face of the complaint. *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (2005). When a complaint fails to establish a constitutional claim against any defendant, the defendants are entitled to qualified immunity. *Id.* at 1016. "Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). A driving force behind qualified immunity is a desire to resolve insubstantial claims prior to discovery. *Pearson*, 129 S.Ct. at 816.

Carthron alleges constitutional violations based on the determination of his monthly restitution amount and that the Defendants operated under color of law. Based on the attachments to Carthron's Complaint, the restitution order was unclear and confusing to everyone who attempted to interpret it, including Carthron, the Defendants, and Judge Langston. Based on the transcripts of the hearings before Judge Langston, the actions of the Defendants were not wholly inconsistent with the

AO72A
(Rev. 8/82)

restitution order, but in the end, the Defendants' interpretation was different than Judge Langston's.

If Defendants had set restitution requirements completely inconsistent with Carthron's sentence, enforced those requirements, and provided Carthron no other opportunity to oppose the actions of Defendants, then Carthron might have claims for violation of his constitutional rights. However, the facts in this case, as evidenced by Carthron's Complaint and attachments, demonstrate actions by the Defendants that were neither wholly consistent nor wholly inconsistent with Carthron's sentence. Carthron also had two hearings before Judge Langston concerning his restitution, and his Complaint does not reflect further dissatisfaction with the outcome of those hearings. Defendants have sought dismissal on qualified immunity grounds and qualified immunity is apparent from Carthron's Complaint. Therefore, the Defendants have violated no clearly established right of Carthron's, and they are entitled to qualified immunity. Carthron's § 1983 claims are therefore DISMISSED WITH PREJUDICE.

### C. 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986

The elements of a § 1985(3) claim are: (1) that the defendants conspired (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under

the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that another person was injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States. *Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996). The purpose element of the conspiracy requires that the plaintiff prove a class-based "invidiously discriminatory animus." *Id.* "Moreover, the plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Id.* Claims under 42 U.S.C. § 1986 are dependent upon the existence of a valid § 1985 claim. *Jensen v. Henderson*, 315 F.3d 854, 863 (8th Cir. 2002).

In this case, Carthron has not plead a discriminatory animus or alleged with particularity and specifically demonstrated with material facts that the Defendants reached an agreement. Carthron's § 1985 claim is therefore DISMISSED WITH PREJUDICE. In the absence of a § 1985 claim, Carthron's § 1986 claim is also DISMISSED WITH PREJUDICE.

**D. State Law Claims**

In addition to his federal law claims, Carthron has alleged Negligent Infliction of Emotional Injury, Intentional Infliction of Emotional Injury, and Outrageous Conduct. Arkansas does not recognize the tort of negligent infliction of emotional

distress. *FMC Corp. v. Helton*, 360 Ark. 465, 481, 202 S.W.2d 490, 502 (2005). The elements of outrage (intentional infliction of emotional distress) are 1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *Crockett v. Essex*, 341 Ark. 558, 563, 19 S.W.3d 585, 589 (2000). Arkansas takes a narrow view of outrage, and describing conduct as outrageous does not make it so. *Id*. at 564, 19 S.W.3d at 589.

In this case, the conduct described is directing Carthron to make level payments that would result in paying his restitution within the court-ordered time. This does not constitute extreme and outrageous conduct beyond all possible bounds of decency. Carthron's state law claims for emotional injury are therefore DISMISSED WITH PREJUDICE.

**IV. CONCLUSION**

Carthron's Motion for Summary Judgment is **DENIED**. The Defendant's Motion to Dismiss is **GRANTED**. All of Carthron's claims are hereby **DISMISSED WITH PREJUDICE**. Each party is to

**AO72A**
**(Rev. 8/82)**

bear their own costs and fees.

IT IS SO ORDERED this 14th day of September, 2009.

                                                /s/ Robert T. Dawson
                                                Robert T. Dawson
                                                United States District Judge